UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KASSIA DIOMANDE,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | 20-CV-5570 (RPK) (LB) |

CITY OF NEW YORK; MICHEAL FISCHER,
New York City Police Department Police Officer
tax #957589; P.O. ANDREW WINTER, tax #
961455; P.O. JASMINE WILLIAMS, tax #959371;
SERGEANT JOSE DIFILIPPI, tax #945177;
SERGEANT STEVEN KELLS, tax #917813;
LIEUTENANT JOHN/JANE DOE SCHULTZ;
unknown tax ID/Badge number; SERGEANT
JOHN/JANE TARNOK, unknown tax ID/Badge
number; P.O. JOHN DOE 1-4,
unknown tax ID; and P.O. JANE DOE 1-2,
unknown tax ID,

Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Kassia Diomande brings an action under 42 U.S.C. § 1983 against the City

of New York, the New York City Police Department ("NYPD"), and various police officers.

Plaintiff's request to proceed *in forma pauperis* is granted.  Plaintiff's claims against the City of

New York and the NYPD are dismissed, but plaintiff's complaint will proceed against the named

police officers and the John and Jane Doe Officers, once they are identified.

## BACKGROUND

Plaintiff alleges that on November 14, 2017, Officers Andrew Winter and Micheal Fischer,

along with other unidentified officers, picked the lock on plaintiff's door and entered her apartment

1

without a warrant or exigent circumstances.  Compl. (Dkt. #1) at 3-4.<sup>*</sup>  Once inside the home,

Officers Winter and Fischer allegedly grabbed her and slammed her against the wall.  *Id.* at 4.

Then, Officer Winter and other unidentified officers allegedly dragged plaintiff to the street.  *Ibid.*

Plaintiff states that she was pregnant at the time and taken by ambulance to Jamaica Hospital

Medical Center.  *Id.* at 5.  She alleges that the officers detained her at the hospital before

transporting her to a police precinct in Queens, where she remained for three days.  *Id.* at 5-6, 8.

Plaintiff alleges that the officers assaulted her, tortured her with shackles, jumped on her, kicked

her in the head, and refused her food, water, and access to a restroom while they held her at the

precinct.  *Id.* at 6-7.  She also alleges that the officers' misconduct was motivated by racial animus.

*Id.* at 8.  Plaintiff states that she was charged with possession of a controlled substance, disorderly

conduct, and obstruction of a government function, but that those charges were dismissed.  *Id.* at

9.  Plaintiff claims that as a result of her arrest and detention, she suffered serious physical and

psychological harm, including injuries to her unborn child.  *Id.* at 8-9.  She seeks compensatory

and punitive damages. *Id.* at 14.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if

it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which

relief may be granted," or that it "seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, a complaint

must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

---

<sup>*</sup> Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff has brought claims against the NYPD, the City of New York, and various named and unnamed police officers under Section 1983. That statute "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). For the reasons below, plaintiff's claims against the NYPD and the City of New York are dismissed. Plaintiff's claims against the officers may proceed.

## I.      Claims Against the NYPD

Plaintiff fails to state a claim against the NYPD. The NYPD is a "non-suable agency" of the City of New York. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Pursuant to the New York City Charter, claims against the NYPD should be brought against the city. *See* N.Y. City Charter Ch. 17 § 396; *Walston v. City of New York*, 289 F. Supp. 3d 398, 402 n.1

(E.D.N.Y. 2018), *aff'd*, 754 F. App'x 65 (2d Cir. 2019).  Therefore, plaintiff's claims against the NYPD are dismissed.

## II.        Claims Against the City of New York

Plaintiff also fails to state a claim against the City of New York.  To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right.  *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)).  Ordinarily, "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Isolated instances of unconstitutional conduct by non-policymaking municipal employees, like the acts alleged in plaintiff's complaint, are not a policy or practice that gives rise to municipal liability under Section 1983.  *See Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012).  Plaintiff's bare assertion that the officers acted pursuant to policies and customs, Compl. at 10, is "insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference," *Montero v. City of Yonkers*, 890 F.3d 386, 404 (2d Cir. 2018) (quoting another source).  Here, the complaint does not include facts that substantiate a connection between the deprivation of plaintiff's rights and a municipal policy.  And while plaintiff suggests that the City of New York should be held liable because defendants are city employees, *see* Compl. at 9-11, a municipality cannot be held vicariously liable under Section 1983 for the conduct of its employees, *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Because plaintiff does not plead any facts to

support her allegation of a municipal policy or custom that caused the deprivation of her constitutional rights, her claims against the City of New York are dismissed.

## CONCLUSION

Plaintiff's Section 1983 claims against the NYPD and the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to amend.  No summons shall issue as to those defendants, and the Clerk of the Court is respectfully directed to correct the caption to reflect their dismissal.

The claims against the remaining defendants may proceed. Plaintiff may file an amended complaint to correct the deficiencies described above within 30 days.  The complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order.  All further proceedings are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, only plaintiff's claims against the remaining defendants will proceed.  The United States Marshals Service will not be able to serve defendants without further identifying information.  Accordingly, the Court requests that Corporation Counsel for the City of New York ascertain the full names of the police officers involved in the plaintiff's alleged arrest and detention. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam).  The Court also requests that Corporation Counsel provide the addresses where the named and John and Jane Doe defendants can currently be served.  This information should be provided to the Court within 45 days from the date of this Order.  After the Corporation Counsel submits that information, the United States Marshal Service shall serve the defendants without prepayment of fees.  Once the John and Jane Doe defendants have been identified, plaintiff's complaint shall be deemed amended to reflect their full names.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 6, 2021
        Brooklyn, New York